# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

|  |  |
|---|---|
| **BRENDAN J. BERGER,** ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 1:19cv00099 |
| ) | |
| ) | Hon. Karen L. Litkovitz |
| **NATIONAL BOARD OF** ) | |
| **MEDICAL EXAMINERS,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

### DEFENDANT'S MOTION TO LIFT STAY AND TO VACATE
### THE COURT'S PRELIMINARY INJUNCTION OF AUGUST 27, 2019

Pursuant to Local Rule 7.2 and Fed. R. Civ. P. 60(b), defendant National Board of Medical Examiners ("NBME") respectfully moves (1) to partially lift the stay that the Court entered on October 21, 2019, *see* Doc. 41; and (2) to vacate the preliminary injunction order that the Court entered on August 27, 2019, *see* Doc. 37.

NBME requests that the stay be lifted for the limited purpose of allowing the Court to rule upon NBME's motion to vacate the preliminary injunction, and to implement that ruling if the motion to vacate is granted. The motion to vacate is based upon new facts that have developed since the Court made its preliminary injunction ruling, as set forth in the supporting memorandum filed herewith.

In accordance with Local Rule 7.3, undersigned counsel state that they have communicated with Plaintiff's counsel regarding the relief requested in this motion, and that Plaintiff opposes both the motion to partially lift the stay and the motion to vacate the Court's preliminary injunction decision and order.

WHEREFORE, NBME requests that its motion be granted, that the stay currently in place in this case be lifted for the limited purpose of allowing consideration of and action on NBME's motion to vacate the Court's preliminary injunction ruling following briefing by the parties, and that NBME's motion to vacate be granted.

Dated: March 6, 2020

Respectfully submitted,

/s/ Erin D. French
Erin D. French (0090813)
Vorys, Sater, Seymour and Pease LLP
301 East Fourth Street, Suite 3500
Cincinnati, Ohio 45202
Phone: 513-723-4022
edfrench@vorys.com

Robert A. Burgoyne
(admitted pro hac vice)
Perkins Coie LLP
700 Thirteenth Street, N.W. Suite 600
Washington, D.C. 20005-3960
Phone: 202-654-1744
RBurgoyne@perkinscoie.com

Counsel for Defendant NBME

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2020, a true and correct copy of the foregoing document was filed electronically on the Court's CM/ECF system and thus will be provided to all attorneys of record in this case.

/s/ Erin D. French

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |
|---|---|
| BRENDAN J. BERGER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 1:19cv00099 |
| ) | |
| ) | Hon. Karen L. Litkovitz |
| NATIONAL BOARD OF ) | |
| MEDICAL EXAMINERS, ) | |
| ) | |
| Defendant. ) | |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO VACATE
THE COURT'S PRELIMINARY INJUNCTION OF AUGUST 27, 2019**

**PRELIMINARY STATEMENT**

Pursuant to Fed. R. Civ. P. 60(b), defendant National Board of Medical Examiners ("NBME") respectfully requests that the Court vacate the preliminary injunction order that it entered on August 27, 2019. (Doc. 37). The preliminary injunction was based upon a finding that Plaintiff would suffer irreparable harm if he could not take a component of the United States Medical Licensing Examination (USMLE) last Fall with his requested accommodations. Plaintiff argued that it was essential that he test by August 28, 2019 so that he could participate in the 2020 National Residency Matching Program. Taking Plaintiff at his word, the Court held an expedited preliminary injunction hearing, in advance of any depositions or other party discovery, and granted Plaintiff his requested injunction.

New facts warrant the Court's revisiting its decision. Six months have passed since the Court granted Plaintiff's motion, but Plaintiff still has not taken the USMLE Step 2 CK exam. Plaintiff is currently scheduled to take Step 2 CK on March 21 and 23, 2020 -- which is *after* the

late registration deadline for the 2020 Match and the deadline for verifying eligibility credentials, which include passage of Step 2 CK. *See* http://www.nrmp.org/match-calendars/.

Preliminary injunctions are supposed to be "drastic" and "extraordinary" remedies, warranted only upon a clear showing that irreparable harm is imminent and non-speculative. This is particularly true when the preliminary injunction is mandatory in nature and effectively grants a plaintiff the full relief to which he would otherwise be entitled only if prevailed on the merits. Regardless of whether it was warranted when originally entered,[1] the preliminary injunction granted by the Court is no longer equitable or appropriate.

Plaintiff's post-ruling actions confirm that he faced no irreparable harm if he did not take the Step 2 CK exam last Fall and participate in the 2020 residency Match. Just as he did not face irreparable harm then, he does not face irreparable harm now. The Court's preliminary injunction order should therefore be vacated. The preliminary injunction was based upon a represented set of facts that are no longer true (and, indeed, apparently were never true).

**FACTUAL BACKGROUND**

Plaintiff Brendan Berger alleges that NBME violated the Americans with Disabilities Act ("ADA") by not giving him extra testing time and other accommodations on the Step 2 CK exam. On July 3, 2019, he filed a motion for a preliminary injunction. (Doc. 20). The Court held an expedited evidentiary hearing on July 29 and 30, 2019 (Doc. 29) and granted his motion on August 27, 2019 (Doc. 37).

NBME is a non-profit corporation whose mission is to protect the health of the public by providing standardized, state-of-the-art assessments for health professionals. Decl. of Catherine Farmer, Psy.D. ¶ 3 (DX 23, PI Hearing). Together with the Federation of State Medical Boards,

---

[1] NBME filed a notice of appeal from the Court's preliminary injunction order on September 17, 2019. (Doc. 38). The appeal is pending, with no briefs having yet been filed.

NBME sponsors the USMLE, which is designed to assess a physician's ability to apply knowledge and demonstrate fundamental patient-centered skills that constitute the basis of safe and effective patient care. *Id.* ¶ 4. Licensing authorities rely upon the USMLE to help evaluate the qualifications of individuals seeking an initial license to practice medicine.

Mr. Berger is on a leave of absence from the American University of the Caribbean School of Medicine ("AUC"). He completed his classes and his clinical rotations in April 2016. Decl. of B. Berger ¶ 1 (Doc. 20-2). Among other graduation requirements, Mr. Berger must pass the USMLE Step 1, Step 2 Clinical Skills (Step 2 CS), and Step 2 Clinical Knowledge (Step 2 CK) examinations. He passed the Step 1 and Step 2 CS exams, without accommodations. He took the Step 2 CK exam before filing this lawsuit but did not pass.

Mr. Berger alleged in his preliminary injunction papers that he "must take" Step 2 CK "by August 28, 2019, in order to advance in medical school and to participate in the next residency match." Pl.'s Mot. for Prel. Inj. ¶ 11 (Doc. 20). He asserted that he would be irreparably harmed if not granted an injunction because (1) "if he fails the USMLE Step 2 CK a third time, he will be dismissed from AUC and effectively be barred from earning his medical degree;" (2) if he is not allowed to test with his desired accommodations, "he will be placed at a disadvantage of competing for quality residency positions;" and (3) if he does not test by August 28th, "he will lose the extensive time he has invested in preparation for the exam." Pl. Mem. 17-18 (Doc. 20-1).

Evidence presented at the preliminary injunction hearing showed that Mr. Berger is <u>not</u> about to be removed from medical school. To the contrary, as the Court found in its Order, Mr. Berger is under no fixed deadline by which he must pass the Step 2 CK exam to prevent dismissal; his school will allow him to take the Step 2 CK exam at the end of this lawsuit. Doc. 37 at 35, ¶ 161; *see also* Tr. 113-14, 133-34 (Doc. 30); Letter from AUC Attorney (DX 21A, PI Hearing).

The Court nevertheless granted the requested preliminary injunction, finding that Mr. Berger would suffer irreparable harm if he had to postpone the exam until after the case is decided on the merits:

> NBME contends that there is no requirement that plaintiff take the Step 2 CK test on August 28, 2019, because AUC will permit him to remain a student in good standing if he is successful in this lawsuit and takes and passes the Step 2 CK test, which he can do once this case is decided on its merits. However, if Mr. Berger postpones the exam until after the final determination of this case, he will suffer irreparable harm by foregoing the time and effort he has already expended in preparing for the exam and by the delay in his ability to apply for a residency program and practice his chosen profession. Mr. Berger credibly testified that he has already invested substantial time, effort, and money in studying for the Step 2 CK exam scheduled for August 28, 2019. "There is no dollar amount that the court may readily ascribe to either Plaintiff's expenditure of these efforts, or to the loss of their potential fruits in the form of a passing score on the [Step 2 CK exam.]" Mr. Berger cannot continue with his medical training until he passes the Step 2 CK exam. This includes his ability to be considered for a residency program and to obtain medical licensure. A delay in taking the Step 2 CK exam pending the resolution of this lawsuit would deprive Mr. Berger of the opportunity to practice his chosen profession of medicine, and "[t]he lost opportunity to engage in one's preferred occupation goes beyond monetary deprivation." These factors establish that Mr. Berger would likely suffer irreparable harm in the absence of a preliminary injunction in this case.
>
> An additional factor the Court considers, albeit to a lesser extent, is the effect of the delay in the resolution of this case on its merits on Mr. Berger's ability to apply for the 2020 National Residency Matching Program. Mr. Berger testified that AUC advises students to take the Step 2 CK exam by the end of August 2019, so the exam will be scored in time for the residency match interview process that begins in October 2019. Without a residency interview, a student cannot rank residency programs for the match process. Mr. Berger testified that if he does not take the Step 2 CK exam within this cycle, as a foreign medical student, his chances of obtaining an interview are very minimal, especially in light of his two failing Step 2 CK scores. Mr. Berger would likely forego the residency match program cycle for start of the July 1, 2020 residency program and would have to wait until the next cycle to apply for a residency through the match process in July 2021. The two-year delay in moving forward with a residency program would preclude Mr. Berger from advancing his professional career and pursuing his chosen profession in medicine, which constitutes irreparable harm. This factor weighs in favor of granting a preliminary injunction.

Doc. 37 at 56-58; *see also id*. at 35, ¶ 164 ("Mr. Berger seeks to take the USMLE Step 2 CK with accommodations including extended time so that he can present his score for the residency application and interview process commencing October 2019.").

Since the order was granted, Mr. Berger has postponed taking the Step 2 CK exam three times.[2] August 28, 2019 has come and gone, as has Mr. Berger's ability to participate in the 2020 residency Match program. His repeated postponements show that he would not have suffered irreparable harm absent a preliminary injunction, and that he does not face such harm now.

## STANDARD OF REVIEW

Under Rule 60(b), a court "may relieve a party" from a "final judgment, order, or proceeding" because "applying it prospectively is no longer equitable" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5), (b)(6); *see also Tri Cty. Wholesale Distributors, Inc. v. Labatt USA Operating Co.*, LLC, No. 2:13-CV-317, 2014 WL 4076041, at *3 (S.D. Ohio Aug. 14, 2014). "Although by its terms Rule 60(b)(5) concerns final orders, it has been interpreted to extend to modifications of preliminary injunctions." *Bd. of Governors of Federal Reserve Sys. v. Pharaon*, 140 F.R.D. 642, 648 (S.D.N.Y. 1991) (citations omitted).

---

[2] Despite stating in his preliminary injunction papers that he had to test by August 28, 2019, Mr. Berger was not scheduled or registered to test at that time. On or around September 20, 2019, Mr. Berger's exam registration was completed. He scheduled his test for November 18 and 19, 2019. *See* Declaration of Rachel Gillespie ¶¶ 1- 7 (Exhibit 1 hereto). By letter dated December 3, 2019, Mr. Berger's counsel notified NBME's counsel that Mr. Berger had contacted NBME's testing vendor (Prometric) "several days prior" to the scheduled November testing dates and was given conflicting information about what accommodations would be provided; Prometric apparently advised Mr. Berger to reschedule his exam to "straighten out the accommodations issue." Rather than promptly calling NBME or its counsel to resolve the issue without needing to change his testing dates, Mr. Berger postponed his exam to December 27 and 28, 2019. *See* Gillespie Decl. at ¶ 8. On December 20, 2019, seven days before his re-scheduled test date, Mr. Berger postponed his exam again, to January 27 and 29, 2020. *See id*. at ¶ 9. On January 23, 2020, Mr. Berger postponed his exam yet again – this time scheduling it for March 21 and 23, 2020. *Id*. at ¶ 10.

When considering Rule 60(b)(5) motions relating to an injunction, a court should consider changes in factual conditions or the law. *Horne v. Flores*, 557 U.S. 433, 453 (2009); *Petties v. District of Columbia*, 662 F.3d 564, 566 (D.C. Cir. 2011) (remanding case so that the district court could decide whether the risk of imminent harm that warranted a preliminary injunction had been ameliorated due to changed circumstances, on appeal from the denial of a Rule 60(b)(5) motion to vacate a preliminary injunction).

"While a party seeking to modify a final injunctive decree must meet a heavy burden, such a strong showing is not necessary ... when a preliminary injunction is at issue." *Pro Edge L.P. v. Gue*, 411 F.Supp.2d 1080, 1088 (S.D. Iowa 2006) (addressing burden under 8th Circuit precedent).

"In ruling on a motion to modify or dissolve a preliminary injunction, the Court exercises the same discretion it exercised in granting the injunction in the first place." *Toledo Area AFL-CIO Council v. Pizza*, 907 F. Supp. 263, 265 (N.D. Ohio 1995) (modifying preliminary injunction based on changed facts), *aff'd in part and rev'd in part on other grounds*, 154 F.3d 307 (6th Cir. 1998).

A court may act on a Rule 60(b) motion notwithstanding the pendency of an appeal from the order in question, using a procedure set out in the Federal Rules:

> (a) **Relief Pending Appeal**. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
>   (1)   defer considering the motion;
>   (2)   deny the motion; or
>   (3)   ***state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue***.
>
> (b) **Notice to the Court of Appeals**. The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue.

- 6 -

(c) **Remand**. The district court may decide the motion if the court of appeals remands for that purpose.

Fed. R. Civ. P. 62.1 (emphasis added).

## ARGUMENT

### I. Preliminary Injunctions Are Proper Only If The Risk Of Irreparable Harm Is Certain And Imminent.

A preliminary injunction is a "drastic" and "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat'l Res. Def. Council,* 555 U.S. 7, 22 (2008); *Munaf v. Geren,* 553 U.S. 674, 689-90 (2008). "'[T]he proof required ... is much more stringent than the proof required to survive a summary judgment motion,'" *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012) (citation omitted), and relief "should be granted only if the movant carries his or her burden that the circumstances clearly demand it," *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

"In determining whether to issue a preliminary injunction, the Court must examine four factors: (1) whether the movant has made a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction." *Overstreet*, 305 F.3d. at 573. The claimed irreparable harm must be "actual and imminent" rather than "speculative or unsubstantiated." *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006).

Even the strongest showing on the other three factors cannot "eliminate the irreparable harm requirement." *D.T. v. Sumner Cty. Sch.*, 942 F.3d 324, 326–27 (6th Cir. 2019). "Irreparable injury is perhaps the single most important prerequisite for the issuance of a preliminary injunction." *Id*. (internal quotations marks and citations omitted). For a preliminary injunction to be ordered, the existence of an irreparable injury is mandatory. *Id*.

- 7 -

## II. The Court's Preliminary Injunction Should Be Vacated Because There Is No Longer A Basis For Concluding That Mr. Berger Will Suffer Irreparable Harm If He Cannot Test Immediately With His Requested Accommodations.

Mr. Berger represented to the Court that he would be irreparably harmed if he did not take the Step 2 CK with accommodations by August 28, 2019. *See* Pl.'s Mot. for Prel. Inj. ¶ 11 (Doc. 20); Pl. Prel. Inj. Mem. 17-18 (Doc. 20-1); *see also* Plaintiff's Proposed Findings of Fact and Conclusions of Law at 35-36 (""[I]f Mr. Berger does not take the USMLE Step 2 CK by the end of August 2019 with accommodations, the USMLE Step 2 CK will effectively become the ultimate barrier to the medical profession.... [I]f he does not receive appropriate and reasonable accommodations at this juncture, he will be unable to graduate medical school, apply for residency programs and interview for the 2020 match.... Additionally, if Plaintiff is not permitted to take the USMLE Step 2 CK with appropriate accommodations by the end of August, he will be irreparably harmed because he will lose the extensive time he has invested in preparation for the exam.") (Doc. 35). Taking those assertions as true, the Court granted him an expedited preliminary injunction, following a hearing that took place before NBME had the benefit of full discovery.

It now appears that Mr. Berger's assertions of irreparable harm were not true. He has chosen not to take Step 2 CK even though the Court awarded him his requested accommodations. At Mr. Berger's request, the Court held an expedited hearing in August 2019 and granted Mr. Berger extraordinary relief in the form of a mandatory preliminary injunction that effectively bypassed the need for him to prevail on the merits in order to obtain accommodations -- but he still has not tested. And because he has not tested, he has missed the deadline for registering to participate in the March 2020 residency Match and verifying his credentials for Match participation.

Two conclusions can be reached from these developments. Either the factual predicate for Mr. Berger's alleged irreparable harm was not true (in which event a preliminary injunction was not warranted when entered), or the alleged irreparable harm has now occurred because he did not test last year (in which event a preliminary injunction is no longer needed).

Mr. Berger has not re-taken the Step 2 CK exam. Despite this fact, he has not been dismissed from his medical school, he may participate in the residency Match program whenever he takes and passes the Step 2 CK exam, and his efforts to study for the exam have apparently not been wasted (as he still intends to take the exam). He does not face irreparable harm, and a mandatory preliminary injunction under these facts is unwarranted.

In relieving a defendant from a preliminary injunction in another case, the court noted that the plaintiff would not be unduly prejudiced because "you cannot be prejudiced by giving up that to which you are not entitled." *USNile Liab. Co. v. StormIPTV*, 2014 WL 4637218, at ** 3, 5 (D.N.J. Sept. 16, 2014). That is the situation here. Mr. Berger would not be prejudiced by losing the relief that was provided in the Court's preliminary injunction order because he did not actually face a risk of irreparable harm and thus was not entitled to such relief. He has chosen not to test on the schedule that he previously characterized as being essential to avoiding irreparable harm. There is nothing inequitable about now denying him the drastic and extraordinary preliminary injunctive relief that he apparently had no need for in the first place. Nor does vacating the preliminary injunction foreclose Mr. Berger's claims or remedies. To the contrary, it would merely require the parties to litigate his claims, this time with the benefits of full discovery and supplemental expert witness testimony.

**CONCLUSION**

NBME respectfully requests that the Court enter an indicative ruling under Fed. R. Civ. P. 62.1(a)(3), stating that it would grant NBME's motion to vacate the preliminary injunction that it awarded on August 27, 2019 if the court of appeals remands for that purpose.

Dated: March 6, 2020

Respectfully submitted,

/s/ Erin D. French
Erin D. French (0090813)
Vorys, Sater, Seymour and Pease LLP
301 East Fourth Street, Suite 3500
Cincinnati, Ohio 45202
Phone: 513-723-4022
Email: edfrench@vorys.com

Robert A. Burgoyne
(admitted pro hac vice)
Perkins Coie LLP
700 Thirteenth Street, N.W. Suite 600
Washington, D.C. 20005-3960
Phone: 202-654-1744
RBurgoyne@perkinscoie.com

Counsel for Defendant NBME

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2020, a true and correct copy of the foregoing document was filed electronically on the Court's CM/ECF system and thus will be provided to all attorneys of record in this case.

/s/ Erin D. French