IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| BRENDAN BERGER,<br><br>　　　　Plaintiff-Appellee,<br><br>　v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS,<br><br>　　　　Defendant-Appellant. | No. 19-3885 |

**APPELLEE'S RESPONSE TO APPELLANT'S
<u>EXPEDITED MOTION FOR AN EXTENSION OF BRIEFING SCHEDULE</u>**

　　Plaintiff-Appellee Brendan Berger respectfully requests that this court deny Appellant's request for an additional 60-day extension for the filing of each party's opening brief. This Court "disfavors applications for extensions of time for the filing of briefs." 6 Cir. R. 26(a)(1). Inasmuch as there have been numerous extensions of the briefing schedule already, and Appellant has failed to assert good cause for extending the briefing further, Appellant's motion should be denied.

　　This appeal is from a preliminary injunction entered on August 27, 2019. The injunction under appeal ordered Appellant to allow Appellee to provide certain accommodations on a medical licensing examination. Appellee is scheduled to take that exam, with the ordered accommodations, on March 21 and 23, 2020.

　　The entire basis of Appellant's argument for extension of the briefing schedule appears to be that the injunction under appeal was based on the incorrect premise that Appellee had to take the test by August 28, 2019, *see* Appellant Mot. at 1, and because it has taken longer than originally anticipated for Appellee to take the examination, the District Court will vacate the

order under appeal and this appeal will become moot. If this were actually grounds for vacating the order below, Appellant should have made its motion long ago in the District Court and here. Its belated speculation provides no ground for further delay and, in any event, is wrong. This is Appellant's own appeal. If it does not wish to go forward and prosecute this appeal, it should voluntarily dismiss rather than continuing to find reasons for delay.

### A. Defendant Identifies No Hardship That Will Result From Complying With the Existing Briefing Schedule

This Court already has extended the briefing schedule numerous times. Appellant has had more than ample time to write its opening brief. It claims no hardship with complying with the existing briefing schedule, nor could it credibly do so.

On September 19, 2019, Appellant filed its notice of appeal (Doc. #1). Appellant's brief originally was due November 12, 2019. On October 10, 2019 (Doc. #13), the Mediation Office reset the briefing schedule to reflect that Appellant's brief was due December 3, 2019 and Appellee's brief was due January 2, 2020.

On October 28, 2020, the Parties filed a Joint Motion To Extend The Time To File Opening Briefs (Doc. #16). The reasons for the extension was that lead counsel for Appellant had briefings due and a hearing on other matters during November and December 2019; and lead counsel for Appellee was going to be out of the country from December 12 – December 20, 2019. This court granted the joint motion on October 28, 2019 (Doc. #17) and reset the briefing schedule to reflect that Appellant's brief was due January 2, 2020.

Following a Mediation call on December 9, 2019, the Mediation Office reset the briefing schedule to reflect that Appellant's brief was due on February 3, 2020. (Doc. #19) By letter dated January 8, 2020, the Mediation Office reset the briefing schedule to reflect that Appellant's brief was due on March 3, 2020. (Doc. #21)

On February 11, 2020, Appellant's counsel requested another extension, and the Mediation Office approved the requested extension, with the consent of Appellee's counsel. Thereafter, the Mediation Office reset the briefing schedule to reflect that Appellant's brief is due on April 3, 2020 and Appellee's brief is due on May 6, 2020, which is the current briefing schedule.

As reflected above, this matter originated in September and the briefing schedule has been adjourned several times, the last time at the request of Appellant. Appellant has had ample opportunity to prepare and submit its brief. It has made no assertion of a hardship in submitting its brief within the time proscribed by the current briefing deadline of April 3, 2020, nor would such a claim be credible.

The ground Appellant cites for delaying the briefing schedule yet again—the timing of Appellee's examination—is not new. Appellant was aware as of January 23, 2020 that Appellee had rescheduled his exam to March 21 and 23, 2020. (See Declaration of Rachel Gillespie filed as an Exhibit to NBME's Motion to Vacate the Preliminary Injunction, attached hereto as Exhibit A.) Seven weeks later, Appellant has filed a motion in the district court regarding this and simultaneously relies on that not-yet-fully briefed motion in this Court to delay briefing of its own appeal. The test-taking schedule provides no ground for delaying the briefing and, as described below, neither does the motion.

### B. The Motion Filed In the District Court Should Not Interfere With This Court's Scheduling

Appellant's motion relies on the premise that the District Court will grant its motion and that, as a result, this appeal will become moot. Such speculation provides no reason to further delay the briefing schedule, particularly where (as noted above) the motion could have been made weeks ago. In any event, the District Court is *not* likely to grant the motion.

As previously noted, Appellee is scheduled to sit for the USMLE with accommodations on March 21 and 23. The District Court will not decide Appellant's motion before then; indeed, it will not even have received Appellee's response, which is due March 27, 2020. Accordingly, when the District Court considers Appellant's motion, Appellee will have taken the exam with accommodations. That is, the facts on the ground will be largely the same as if Appellee had taken the exam earlier.

Appellant argues that the later-than-expected timing of the exam somehow makes the injunction itself invalid and that the District Court will agree. Appellee respectfully submits that the District Court will not agree. This is not the forum for fully litigating the merits of Appellant's motion, but Appellee apprises this Court that evidence will be presented that several of the delays and changes to the exam dates that occurred, were due to Appellant and its affiliates. For that reason (and others), the District Court likely will find that the injunction was appropriately issued and continues to be necessary, and will deny Appellant's motion..

## CONCLUSION

For the foregoing reasons, Appellant fails to demonstrate good cause to overcome this court's disfavor of extensions of the briefing schedule. Accordingly, it is requested that this Court deny Appellant's Motion For An Extension Of Briefing Schedule.

Respectfully submitted,

/s/ _Charles Weiner_____
Charles Weiner, Esquire
Law Office Of Charles Weiner
Cambria Corporate Center
501 Cambria Avenue Bensalem, PA 19020
Phone: 267-685-6311
charles@charlesweinerlaw.com

*Attorneys for Plaintiff-Appellee*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 16, 2020, I filed and served the foregoing Appellee's Response To Appellant's Expedited Motion For An Extension Of Briefing Schedule with the Clerk of the Court by causing a copy to be electronically filed via the appellate CM/ECF system. I also certify that the participants in the case are registered CM/ECF users and will be served via the CM/ECF system.

                                                                            /s/ Charles Weiner