# IN THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | |
|---|---|
| BRENDAN BERGER,<br><br>        Plaintiff-Appellee,<br><br>  v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS,<br><br>        Defendant-Appellant. | No. 19-3885 |

## REPLY BRIEF IN SUPPORT OF
## MOTION FOR AN EXTENSION OF BRIEFING SCHEDULE

Defendant-Appellant National Board of Medical Examiners ("NBME") has requested a 60-day extension for the filing of each party's opening brief to allow the district court time to rule on a motion that may moot the instant appeal. (Dkt. No. 27-1). Appellee Brendan Berger opposes this request. (Dkt. No. 28-1).

Mr. Berger does not assert that he will be prejudiced by the requested extension. *See id.* Nor could he. As he acknowledges in his opposition brief, *id*. at 4, the requested extension will not prevent him from testing with extra testing time.[1] He can still test with the double testing time that the lower court awarded based upon his representation that he would suffer irreparable harm if he did not test by August 28, 2019. The question will remain whether his score should be cancelled given the now-disproven factual allegations that led to him getting such drastic and extraordinary interim relief, but his testing will not be affected by a change in the appellate briefing schedule.

---

[1] Mr. Berger will not be testing next week, however, as stated in his brief. Testing takes place in testing centers operated by NBME's vendor, Prometric, and Prometric has temporarily suspended testing due to the COVID-19 outbreak. *See* https://www.prometric.com/corona-virus-update.

In the absence of any prejudice, Mr. Berger argues that the requested extension should be denied because there have been "numerous extensions of the briefing schedule already." *Id*. at 2. The prior extensions, however, should not preclude the extension now requested by NBME. This is the first extension that NBME has requested unilaterally. One of the prior extensions was jointly requested because NBME's counsel had work conflicts and Mr. Berger's counsel was out of the country on vacation. *See id*. at 2. The other extensions all reflected the fact that the parties were participating in the Court's mediation service, in an effort to resolve this appeal without the need for briefing and argument by the parties or a decision on the merits by the Court. *See id*. at 2-3. The last mediation session occurred on March 9, 2020. *See* Dkt. No. 26. It did not result in a settlement. Accordingly, NBME promptly moved for a final extension on the appellate briefing schedule, given the recent filing of its motion to vacate below and the current due date for NBME's opening brief on appeal. Prior extensions do not make the current request unreasonable.

Mr. Berger argues that an extension is also unwarranted because NBME could have written its opening appellate brief weeks ago, and could have filed its motion to vacate in the lower court much sooner. *See* Dkt. No. 28-1 at 2. But those arguments ignore the parties' ongoing, good-faith efforts to resolve the pending appeal amicably if that could be done, with the assistance of the Court's mediation office. It did not make sense for NBME to devote time and resources to ongoing litigation in the district court and on appeal when there was a reasonable chance that such ongoing litigation would not be necessary. As it turns out, the parties did not reach a settlement. That is not a reason to deny NBME's pending request for a briefing extension, where no prejudice would result for Mr. Berger. This is true under any circumstance,

but all the more so now, where the courts, the parties, and counsel are all confronting unprecedented operational challenges.

As his final argument, Mr. Berger argues that NBME's requested extension should be denied because the district court is not "likely to grant the motion" that NBME filed below. *See* Dkt. No. 28-1 at 3.   NBME's motion seeks an indicative ruling from the district court that it would vacate the preliminary injunction that it awarded to Mr. Berger if this Court remanded the appeal for that purpose.  Mr. Berger's confidence regarding the outcome of that motion is unwarranted.  The district court and NBME were put through an expedited preliminary injunction proceeding, with limited prior discovery and on an abbreviated record, based upon factual representations by Mr. Berger that, at best, have proven to be inaccurate.  Mr. Berger suggests that he is somehow not responsible for the fact that he did not test by the date when testing purportedly had to occur, *id.* at 4, but the evidence will show otherwise.  The district court has every reason to ask whether Mr. Berger should enjoy the benefits of a mandatory preliminary injunction that was awarded based on facts that proved to be untrue, and in the absence of a risk of irreparable harm.  Allowing the district court time to address that question might well moot the present appeal, making briefing and a decision on the merits of this appeal unnecessary.

For the foregoing reasons, NBME respectfully requests that the Court enter the following extended briefing schedule:

|  | Current Deadline | **Proposed Extended Deadline** |
|---|---|---|
| **Appellant's Brief** | April 3, 2020 | **June 2, 2020** |
| **Appellee's Brief** | May 6, 2020 | **July 6, 2020** |

Dated: March 17, 2020                    Respectfully submitted,

/s/ Erin D. French
Erin D. French (0090813)
Vorys, Sater, Seymour and Pease LLP
301 East Fourth Street, Suite 3500
Cincinnati, Ohio 45202
Phone: 513-723-4022
Email: edfrench@vorys.com

Counsel for Defendant NBME

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the 17th day of March 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Erin D. French
Erin D. French