# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | |
|---|---|
| BRENDAN BERGER,<br><br>            Plaintiff-Appellee,<br><br>v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS,<br><br>            Defendant-Appellant. | No. 19-3885 |

## MOTION FOR LIMITED REMAND

Pursuant to Federal Rule of Appellate Procedure 12.1, Defendant-Appellant National Board of Medical Examiners ("NBME") respectfully requests a limited remand to the United States District Court for the Southern District of Ohio. A limited remand is appropriate given the district court's May 4, 2020 ruling that NBME's motion to vacate the court's preliminary injunction order raises a substantial issue under Federal Rule of Civil Procedure 62.1(a)(3). If permitted by this Court, the lower court will decide on remand whether to vacate the preliminary injunction order currently on appeal.

Dated:  May 5, 2020

Respectfully submitted,

/s/ Erin D. French
Erin D. French (0090813)
Vorys, Sater, Seymour and Pease LLP
301 East Fourth Street, Suite 3500
Cincinnati, Ohio 45202
Phone: 513-723-4022
Email: edfrench@vorys.com

Counsel for Defendant NBME

**MEMORANDUM IN SUPPORT**

**PRELIMINARY STATEMENT**

Under Federal Rule of Appellate Procedure 12.1(b), this Court "may remand for further proceedings but retain[] jurisdiction" if "the district court states that . . . the motion raises a substantial issue." Here, the district court concluded that NBME's Motion to Lift Stay and to Vacate the Court's Preliminary Injunction of August 27, 2019 (Dist. Ct. Docs. 42 & 44) ("Motion to Vacate") "raises a substantial issue under Fed. R. Civ. P. 62.1(a)(3)." Dist. Ct. Doc. 45, at 3. The lower court "would consider the substantial issue raised in defendant NBME's [Motion to Vacate] if the Sixth Circuit were to remand the case for this purpose." *Id*.

The issue on appeal is whether the district court improperly granted the August 27, 2019 preliminary injunction. Because a decision on NBME's Motion to Vacate the preliminary injunction on remand could moot this appeal, NBME requests a limited remand permitting the district court to rule on NBME's Motion.

**BACKGROUND**

**A.     NBME's Motion to Vacate**

On March 6, 2020, NBME moved to vacate the district court's August 27, 2019 preliminary injunction, which granted Plaintiff Brendan Berger all the relief he sought without the benefit of full discovery and based on an expedited proceeding that denied NBME the normal protections afforded by the Federal Rules. Dist. Ct. Doc. 42. The preliminary injunction hinged on a finding that Mr. Berger would suffer irreparable harm unless he could take the United States Medical Licensing Examination (USMLE) Step 2 CK exam last fall with double the testing time afforded to other examinees. *See* Dist. Ct. Doc. 37, at 56-59. Specifically, the district court

accepted Mr. Berger's representations that, to avoid irreparable harm, he had to test by August 28, 2019. *Id.*

As set forth in NBME's Motion to Vacate, Mr. Berger has failed to take the USMLE Step 2 CK exam in the *eight months* since the district court granted his motion for preliminary injunction, having rescheduled on three separate occasions. While the fourth and most recent postponement, occasioned by the COVID-19 pandemic, was not Mr. Berger's fault, his purported reasons for the bulk of the delay—including "issues related to the pending appeal and briefing extension" being handled by his counsel, Dist. Ct. Doc. 43, at 4—are invalid. Mr. Berger's demonstrated lack of urgency on numerous occasions is irreconcilable with his sworn statements that he would be irreparably harmed if required to fully litigate his case, as other plaintiffs must do. Given the absence of irreparable harm (now, and apparently when the injunction was granted), NBME asked the district court to vacate the preliminary injunction.

### B.     The District Court's Order Granting Motion for Indicative Ruling

On May 4, 2020, the district court entered the attached Order on Defendant's Motion for an Indicative Ruling on Motion to Vacate Order on Preliminary Injunction ("Order"). The lower court concluded, "[b]ased on the representations of both parties in their briefing on NBME's motion to vacate the August 27, 2019 preliminary injunction," that "***NBME's motion raises a substantial issue under Fed. R. Civ. P. 62.1(a)(3)***." Order at 3 (emphasis added). Specifically, "the rescheduling of Mr. Berger's USMLE Step 2 CK exam three times and the reasons given for the delay raise a substantial issue on whether Mr. Berger suffered or continues to suffer from irreparable harm warranting injunctive relief." *Id.* The district court granted NBME's motion for an indicative ruling and "***would consider the substantial issue raised in defendant NBME's***

*motion if the Sixth Circuit were to remand the case for this purpose*." *Id.* (emphasis added). NBME was directed to notify the Clerk.

On May 5, 2020, NBME filed a Notice of Indicative Ruling with the Clerk of the United States Court of Appeals for the Sixth Circuit contemporaneously with the instant motion.

**ARGUMENT**

Where "the district court states that . . . the motion raises a substantial issue, the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal." Fed. R. App. P. 12.1(b).

The district court concluded based on full briefing that NBME's Motion to Vacate raises a substantial issue, as required for remand under Rule 12.1(b). Order at 3; *see* Dist. Ct. Docs. 42-44. The issue on appeal is whether the district court erroneously granted Mr. Berger's request for a preliminary injunction. *See* Doc. 8. If the Motion to Vacate the preliminary injunction is granted on remand, the ruling will moot NBME's appeal. A limited remand will thus allow the district court to decide whether an appeal is required before the parties and this Court invest substantial resources.[1]

\* \* \* \*

For the foregoing reasons, NBME respectfully requests that the Court adjourn the current briefing schedule, stay the pending appeal, and grant a limited remand so the district court may rule on NBME's Motion to Vacate.

---

[1] This Court granted NBME's motion to extend the briefing schedule to allow motion practice and decision of NBME's Motion to Vacate in the district court—presumably because that ruling might moot NBME's appeal. *See* Docs. 27, 30.

- 5 -

Dated: May 5, 2020                    Respectfully submitted,

/s/ Erin D. French
Erin D. French (0090813)
Vorys, Sater, Seymour and Pease LLP
301 East Fourth Street, Suite 3500
Cincinnati, Ohio 45202
Phone: 513-723-4022
Email: edfrench@vorys.com

Counsel for Defendant NBME

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on the 5th day of May 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Erin D. French
Erin D. French