# ATTACHMENT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRENDAN J. BERGER,
   Plaintiff,

Case No. 1:19-cv-99
Litkovitz, M.J.

vs.

NATIONAL BOARD OF MEDICAL
EXAMINERS,
   Defendant.

**ORDER ON DEFENDANT'S MOTION FOR AN INDICATIVE RULING ON MOTION TO VACATE ORDER ON PRELIMINARY INJUNCTION**

On August 27, 2019, the undersigned issued an Order granting Mr. Berger's motion for preliminary injunction. (Doc. 37). The Court concluded that Mr. Berger established a substantial likelihood of success on the merits of his claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., that Mr. Berger would likely suffer irreparable harm in the absence of a preliminary injunction in this case, and that the balance of equities and public interest weighed in favor of issuing a preliminary injunction. The Court ordered the National Board of Medical Examiners ("NBME") to provide accommodations under the ADA to Mr. Berger for the United States Medical Licensing Exam Step 2 Clinical Knowledge ("USMLE Step 2 CK") at the earliest possible date. These accommodations include double (100%) extended time over two days of testing, extra break time, and a distraction limited testing environment. (Doc. 37 at 61).

On September 17, 2019, defendant NBME filed a notice of appeal on the Order granting Mr. Berger's motion for preliminary injunction. (Doc. 38). Thereafter, the undersigned granted the parties' joint motion to stay proceedings in this Court pending resolution of the matter by the United States Court of Appeals for the Sixth Circuit. (Doc. 41). Most recently, on March 6,

2020, defendant NBME filed a motion to vacate this Court's August 27, 2019 Order granting Mr. Berger's motion for preliminary injunction pursuant to Fed. R. Civ. P. 60(b). (Doc. 42). Defendant NBME moves to vacate the preliminary injunction based upon new facts that have developed since the Court's ruling in August 2019. (*Id.*). Defendant NBME alleges that Mr. Berger no longer suffers irreparable harm because he has not taken the USMLE Step 2 CK exam despite arguing that it was essential that he take the exam with accommodations in the fall of 2019 in order to participate in the 2020 National Residency Matching Program. (*Id.* at 3-4). Defendant NBME requests that the Court enter an indicative ruling under Fed. R. Civ. P. 62.1(a)(3) stating that it would grant NBME's motion to vacate the August 27, 2019 preliminary injunction if the Sixth Circuit Court of Appeals remands for that purpose. (*Id.* at 12).

After the filing of a notice of appeal, district courts no longer have jurisdiction to grant a Rule 60(b) motion. *Dugle ex rel. Dugle v. Norfolk S. Ry. Co.*, No. CIV.A. 07-40, 2011 WL 1542060, at *1 (E.D. Ky. Apr. 21, 2011) (citing *Pickens v. Howes*, 549 F.3d 377, 383 (6th Cir. 2008)). However, "[u]nder Rule 62.1, a district court may make certain indicative rulings on motions that the court lacks authority to grant because of a pending appeal." *Ohio State Conference of the Nat. Ass'n for the Advancement of Colored People v. Husted*, No. 2:14-cv-404, 2014 WL 6698763, at *2 (S.D. Ohio Nov. 26, 2014) (quoting *Dice Corp. v. Bold Technologies*, 556 F. App'x 378, 382 (6th Cir. 2014)). Federal Rule of Civil Procedure 62.1 provides:

> (a) RELIEF PENDING APPEAL. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>   (1) defer considering the motion;
>   (2) deny the motion; or
>   (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1. If the District Court states that it would grant the motion or that the motion raises a substantial issue, "the movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1." Fed. R. Civ. P. 62.1(b). The District Court may decide the motion if the Court of Appeals remands for that purpose. Fed. R. Civ. P. 62.1(c).

Based on the representations of both parties in their briefings on NBME's motion to vacate the August 27, 2019 preliminary injunction, the Court finds that defendant NBME's motion raises a substantial issue under Fed. R. Civ. P. 62.1(a)(3). In particular, the Court finds that the rescheduling of Mr. Berger's USMLE Step 2 CK exam three times and the reasons given for the delay raise a substantial issue on whether Mr. Berger suffered or continues to suffer from irreparable harm warranting injunctive relief. *Hutchison v. Parent*, No. 3:12-cv-320, 2017 WL 2797418, at *2 (N.D. Ohio June 28, 2017) (noting that a District Court may state that the motion raises a substantial issue under Fed. R. Civ. P. 62.1 when the motion "may present complex issues that require extensive litigation and that may either be mooted or be presented in a different context by decision of the issues raised on appeal") (quoting Fed. R. Civ. P. 62.1 Advisory Committee's Note). The substantial factual issue raised by the motion is one that would require an additional evidentiary hearing before the undersigned. The Court notes that by stating that NBME's motion raises a substantial issue, the Court is not bound to grant NBME's motion to vacate the injunction and "further proceedings on remand may show that the motion ought not to be granted." *See id.*

Consistent with the above, the motion for an indicative ruling is **GRANTED**, such that this Court would consider the substantial issue raised in defendant NBME's motion if the Sixth Circuit were to remand the case for this purpose. Defendant NBME shall promptly notify the Clerk of the United States of Court of Appeals for the Sixth Circuit pursuant to Fed. R. App. P.

3

12.1 of the Court's indicative ruling.[1]

**IT IS SO ORDERED.**

Date: May 1, 2020

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

---

[1] The Court is not persuaded by plaintiff's argument that NBME's motion to vacate the preliminary injunction is untimely. (Doc. 43 at 8-9). Fed. R. Civ. P. 62.1(a) requires that a motion for relief that the court lacks authority to grant be "timely." Under Fed. R. Civ. P. 60(b)(5), which applies to motions relating to an injunction, a party must bring the motion within "a reasonable time." Fed. R. Civ. P. 60(c)(1). Here, NBME filed its motion six months after the Court's ruling and after giving Mr. Berger multiple opportunities to complete the Step 2 CK exam. Under the circumstances, the Court determines the motion is timely.

4